IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEATRICE JACKSON,

                Plaintiff,        Case No. 3:08 CV 1911

  -vs-

                                          O R D E R

OHIO DEPARTMENT OF
REHABILITATION & CORRECTION,

                Defendant.

KATZ, J.,

      Plaintiff moves this Court to strike paragraphs 4, 10, and 14 from the affidavit of Harley Willford attached to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment on the ground that a party who has been examined at length at deposition may not later create an issue of material fact by submitting an affidavit that either contradicts or is inconsistent with previously sworn testimony. (Doc. No. 58). This Court finds that Plaintiff's motion is well taken; however, this Court will not strike paragraphs 4, 10, and 14 from the affidavit but instead will disregard these paragraphs as inadmissible evidence.

**FACTUAL BACKGROUND**

      Beatrice Jackson ("Plaintiff") is an African-American female who has been employed for 31 years by the Ohio Department of Rehabilitation and Correction ("ODRC"). The ODRC ("Defendants") is an instrumentality of the State of Ohio that operates correctional facilities throughout the State of Ohio.

      At all times relevant hereto, Plaintiff was assigned to work at the Toledo Correctional Facility as a Corrections Sergeant. In July 2007, Plaintiff began a disability leave to undergo surgery to her knee. Following the surgery, Plaintiff was released by her physician to return to

work with non-weight bearing restrictions in July, August, and September of 2007. At the time that Plaintiff requested permission to return to work with this adjustment, ODRC participated in a Return to Work Partnership Program ("RTWPP").

The eligibility requirements for RTWPP participation are as follows: an employee must be released to return to work with written restrictions by a treating health care provider, and the employee must be subject to temporary restrictions preventing her from performing the essential functions of her job or restricting her performance of specified task assignments that are part of her regularly assigned duties. Plaintiff alleges that she was eligible for participation in the RTWPP program; Defendants deny these allegations.

On October 25, 2007, Plaintiff received notice that Defendants would conduct a hearing to consider whether she should be separated from her employment (a disability separation hearing). At the hearing on November 13, 2007, Plaintiff contends that she informed Defendants that her physician had authorized her return to work with non-weight bearing restrictions. Defendants placed Plaintiff on disability separation following the hearing, and did not admit Plaintiff into the RTWPP.

**PROCEDURAL BACKGROUND**

Plaintiff filed the amended complaint on May 21, 2009 (Doc. No. 19). Defendants filed an Answer to the amended complaint on June 2, 2009 (Doc. No. 21). The deposition of Harvey Willford was taken on December 2, 2009 (Doc. No. 46), and filed in its entirety on March 29, 2009. Plaintiff also filed her motion for partial summary judgment and Memorandum in Support on March 29, 2009 (Doc. No. 43).

On April 26, 2010, all defendants filed an opposition to Plaintiff's motion for partial summary judgment and Memorandum in Support Memorandum Contra Plaintiff's Motion for Summary Judgment (Doc. No. 53). One of the attachments filed with this Memorandum was the affidavit of Harvey Willford. On May 14, 2010, Plaintiff filed a Motion to Strike several paragraphs of Mr. Willford's affidavit (Doc. No. 58). Defendants filed an Opposition to Plaintiff's motion on May 24, 2010 (Doc. No. 59). Plaintiff replied to this opposition on June 1, 2010 (Doc. No. 60).

**DISCUSSION**

A. Standard for Motion to Strike Affidavit filed after Motion for Summary Judgment

The Court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (*quoting Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike under Rule 12(f) are generally disfavored, and are granted only if the claim pressed both is insufficient as a matter of law and prejudices the party against whom the claim is brought. *Tucker v. A&P Food Stores*, 9 F.R.D. 607 (N.D. Ohio 1949); *Moore v. C.A. Olsen Mfg. Co*., 7 F.R.D. 269 (N.D. Ohio 1944). Matter will generally not be stricken unless the movant demonstrates that it can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, Federal Practice ¶ 12.37[2] (3d ed. 2010). A party, however, cannot avoid summary judgment with affidavits or other evidence contrary to prior deposition testimony. Fed. R. Civ. P. 56.

3

While the district court is required to view the facts in a light most favorable to the summary judgment nonmovant, this does not mean that the nonmoving party can create an issue of fact by filing an affidavit with contrary allegations. Fed. R. Civ. Pro. Rule 56©, see *U.S.C.A. Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002). A party cannot avoid summary judgment with affidavits or other evidence contrary to prior deposition testimony. *U.S.C.A. Niemi v. NHK Spring Co., Ltd.*, 481 F. Supp. 2d 869 (N.D. Ohio 2007). Normally, inconsistent summary judgment affidavits cannot supercede prior deposition testimony. *Bell v. Consolidated Rail Corp.*, 299 F. Supp. 2d 795 (N.D. Ohio 2004). A party, once examined at length, cannot thereafter generate a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, which contradicts his earlier deposition testimony. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 371 F. Supp. 2d 933 (N.D. Ohio 2005).

The Sixth Circuit held that a court should disregard inadmissable evidence rather than strike it from the record. *Lombard v. MCI Telecommunications Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assur. Co of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

B. Paragraph 4

Plaintiff moves to strike paragraph 4 of the Affidavit of Harvey Willford (Doc. No. 53-2), which states:

> The one and only reason I did not consider Beatrice Jackson eligible for the Return to Work Partnership Program ("RTWPP") was because her doctor placed her on a "non-weight bearing" restriction. Therefore, she was required to use crutches. Allowing Jackson into the institution with crutches would put her, and others, in danger.

Doc. No. 53-2, p. 2.

4

Plaintiff contends that Paragraph 4 of the Affidavit directly contradicts Mr. Willford's prior deposition testimony, and declares that it should therefore be struck from the Affidavit. After consideration of both Mr. Willford's deposition transcript and the affidavit, this Court finds that Paragraph 4 of Mr. Willford's affidavit is in direct contradiction of his prior deposition testimony and should therefore be struck from the record.

> In his deposition testimony, Mr. Willford stated the following:
>
> On October 22, 2007, Ms. Jackson submitted to DRC a note from Dr. Robert L. Kalb which authorized her to return to work with "non-weight bearing"restrictions for a period of time spanning more than four months. As an initial matter it is not clear that Ms. Jackson could perform any duties consistent with her sergeant's job description if she were unable to bear any weight. However, the key problem with Dr. Kalb's restriction is its duration, because pursuant to DRC Policy 36-LEV-05(D)(3), all tasks/assignments offered to a participant under RTWPP shall terminate within ninety (90) days or less.

Doc. No. 58, p. 4.

In his Interrogatory, Mr. Willford stated that the key problem with Dr. Kalb's restriction was its duration. In his Affidavit filed in conjunction with Defendants' Memorandum in Support Memorandum Contra Plaintiff's Motion for Summary Judgment, Mr. Willford stated that the one and only problem with Dr. Kalb's order was his "non-weight bearing" restriction. Paragraph 4 of the affidavit is a direct contradiction to Mr. Willford's prior testimony which cites an entirely different problem with Dr. Kalb's orders.

This court has held that once a party has filed for summary judgment, a party cannot offer a witness's affidavit that contradicts that witness's prior testimony. *K & D Distributors, Ltd. V. Aston Group (Michigan), Inc.*, 225 F.R.D. 550, 551 (N.D. Ohio 2005). Therefore, this Court will

5

disregard the contradictory affidavit evidence but deny the motion to strike. *Lombard*, 13 F. Supp. 2d at 625.

C. Paragraph 10

Plaintiff moves to strike Paragraph 10 of Mr. Willford's affidavit, which states:

> The one and only reason we disability separated Beatrice Jackson was because her medical documentation indicated she would be off work for over six months. I never did an analysis of the permanency of her condition.

Doc. No. 53-2, p. 2.

Plaintiff asserts that Mr. Willford's statement on his affidavit conflicts with his prior deposition statement, claiming that Mr. Willford stated in his deposition that Plaintiff needed to provide a full medical release in order to stay the disability separation proceedings (Doc. No. 46, p. 92). Defendants argue that the statements in Mr. Willford's affidavit and deposition are one and the same. Doc. No. 59, p. 8. This court accepts Defendants' assertion that if Plaintiff provided a full medical release, then she would not be off work for over six months.

However, this Court finds that there exists a contradiction between Mr. Willford's affidavit and deposition when, during his deposition testimony, he offers two distinct reasons for recommending that Ms. Jackson be placed on disability separation. First, he states that one reason he made his recommendation was that he possessed medical documentation indicating that Ms. Jackson would be off from work for approximately three months longer than the six-month-off work period limit. Doc. No. 46-4, p. 91.

Mr. Willford then states that "the second reason was listed right on this medical document, Exhibit 3, 'Continue same restrictions of non-weight bearing,' and taking her off until 3-1. There

6

had been no improvement in her condition since the surgery of July 2, 2007." Doc. No 46-4, p. 91-92.

Because Mr. Willford offered two separate reasons for recommending disability separation for Plaintiff Jackson in his deposition and stated that only one existed in his affidavit, this Court will disregard Paragraph 10 of Mr. Willford's affidavit on the grounds that his statement that only one reason existed for Plaintiff's disability separation contradicts his prior deposition testimony citing two reasons for his recommendation.

D. Paragraph 14

Plaintiff moves to strike Paragraph 14 of Mr. Willford's affidavit which states:

> I did not consider Beatrice Jackson's condition 'permanent' when we filled out our portion of the disability retirement paperwork. I did expect, however, that it was quite possible that her treating physician might her give her a 'non-weight bearing' restriction that was greater than 12 months in duration.

Doc. No. 53-2, p. 3.

Plaintiff contends that Mr. Willford's own counsel directly questioned Mr. Willford about his beliefs about the permanency of Ms. Jackson's condition, at the time of his recommendation. Ms. Moss, counsel for Defendants, asked Mr. Wilford the following:

> Did you ever in your own mind form an impression that you believe that her restrictions of non-weight bearing were permanent during the period of time of June 2007 through November of 2007?

Plaintiff contends that at this time during the deposition hearing, Mr. Willford had ample opportunity to offer his comments on whether he, during the aforementioned time frame, believed that Ms. Jackson's disability was permanent. Instead, Mr. Willford stated that the only thing he had made his mind up about was that if Ms. Jackson applied for disability retirement, he would support the permanency of her disability. Doc. No. 46, p. 114.

7

The Sixth Circuit held that "the fact that a party has had ample opportunity during discovery to present evidence provides courts with reason to prevent that party from introducing new evidence in an affidavit opposing summary judgment." *Lockard v. General Motors Corp.*, 52 Fed. Appx. 782, 789 (6th Cir. 2002) (citing *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)). Because Mr. Willford's own counsel directly asked him if he believed that Ms. Jackson's disability was permanent, Mr. Willford had ample opportunity to state during his deposition that he did not consider Ms. Jackson's condition permanent. As he failed to do so, this Court will also disregard Paragraph 14 of Mr. Willford's Affidavit.

## CONCLUSION

For the reasons above, this Court denies Plaintiff's Motion to Strike paragraphs 4, 10, and 14 of Mr. Willford's affidavit (Doc. No. 58) but will disregard those contradictory portions in consideration of the motions for summary judgment. Replies to the pending motions for summary judgment are due on or before July 16, 2010.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

8